[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16526
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cr-80157-KLR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK DEFILIPPO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 7, 2015)

Before WILLIAM PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Frank Defilippo appeals his 151-month sentence, imposed after he pled

guilty without a plea agreement to one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349. On appeal, Defilippo argues that the district court clearly erred in assigning him a four-level enhancement for being an organizer of the scheme because the district court relied solely on Defilippo's factual proffer. He further contends that his sentence was substantively unreasonable because the district court failed to adequately address his background and mental health factors when imposing sentence and also because his sentence was disparate from his co-conspirators' sentences.

## I.

We review a district court's factual finding of the defendant's role for clear error to determine if the enhancement under § 3B1.1 was applied appropriately. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*). "A factual finding is clearly erroneous when . . . the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *United States v. Gupta*, 572 F.3d 878, 887 (11th Cir. 2009) (quotation omitted). There is no clear error in cases where the record supports the district court's findings. *United States v. Petrie*, 302 F.3d 1280, 1290 (11th Cir. 2002).

"The burden of establishing evidence of the facts necessary to support a sentencing enhancement falls on the government, and it must do so by a

preponderance of the evidence." *United States v. Perez-Oliveros*, 479 F.3d 779, 783 (11th Cir. 2007). Findings of fact by a sentencing court may be based on, among other things, "facts admitted by a defendant's plea of guilty . . . ." *United States v. Wilson*, 884 F.2d 1355, 1356 (11th Cir. 1989); *see also United States v. Smith*, 480 F.3d 1277, 1281 (11th Cir. 2007) (facts contained in a government proffer not objected to at a plea colloquy are deemed admitted and may be used to enhance a sentence).

Section 3B1.1(a) provides for a four-level enhancement "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). In assessing a defendant's role in the offense, the factors the courts should consider include:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1, cmt. n.4; *United States v. Esquenazi*, 752 F.3d 912, 938 (11th Cir. 2014). More than one person can qualify as an organizer or leader of a criminal conspiracy. U.S.S.G. § 3B1.1 cmt. n.4; *Esquenazi*, 752 F.3d at 938.

The district court did not clearly err in applying a § 3B1.1(a) role enhancement to Defilippo. Unobjected-to facts in the factual proffer established that Defilippo, with another conspirator, Tim Owens, organized and operated the

3

boiler room scheme, which was at all times under their control, that they split between them the greater share of the profits from the scheme, and that Defilippo directly recruited others into the scheme to solicit victims. That Defilippo shared the role of leader in the conspiracy with Owens does not shield him from the leader/organizer enhancement. *See Esquenazi*, 752 F.3d at 938. Accordingly, the record supports the district court's decision to apply an enhancement under § 3B1.1(a) for playing a leader or organizer role in the conspiracy. *Petrie*, 302 F.3d at 1290.

## II.

The district court must issue a sentence "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). These purposes include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offender, deter criminal conduct, and protect the public from future criminal conduct. *Id.* § 3553(a)(2). Additional considerations include the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, and the pertinent policy statements of the Sentencing Commission. *Id.* § 3553(a)(1), (3)–(7).

Section 3553(a)(6) provides that one factor a district court is to consider in imposing sentence is "the need to avoid unwarranted sentence disparities among

defendants with similar records who have been found guilty of similar conduct."
18 U.S.C. § 3553(a)(6).  For a substantive unreasonableness claim based on a
sentencing disparity, we require that the defendant raising the claim be similarly
situated to those who received lesser sentences.  *United States v. Docampo*, 573
F.3d 1091, 1101 (11th Cir. 2009).  Defendants who cooperate with the government
are not similarly situated to those who do not.  *See id.*

When reviewing for substantive reasonableness, we consider the totality of
the facts and circumstances in evaluating whether the sentence lies outside the
range of reasonable sentences dictated by the facts of the case.  *United States v.
Irey*, 612 F.3d 1160, 1189-1190 (11th Cir. 2010) (*en banc*).  The weight to be
accorded any given § 3553(a) factor is a matter committed to the sound discretion
of the district court.  *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007).
Although we do not automatically presume a sentence within the guideline range
to be reasonable, we ordinarily expect such a sentence to be reasonable.  *United
States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).  A sentence well below the
statutory maximum sentence also signals reasonableness.  *See United States v.
Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Defilippo was a leader and organizer of the conspiracy, and his 151-month
sentence is at the lowest end of his advisory guidelines range and well below the
20-year statutory maximum.  *See Hunt*, 526 F.3d at 746; *Gonzalez*, 550 F.3d at

5

1324.  The district court considered Defilippo's service as a police officer, his service-related trauma, and his post-traumatic stress disorder, but nevertheless concluded that under the circumstances and given the nature and circumstances of the offense—a well-planned scheme targeting vulnerable victims—a guidelines-range sentence was appropriate.  In light of the totality of the circumstances, Defilippo has not met his burden of showing that his 151-month, low guidelines sentence represents a clear error of judgment and is outside the range of reasonable sentences.  *See Irey*, 612 F.3d 1189-1190.  Nor is the disparity between his and his co-conspirators' sentences unwarranted because he was not similarly situated to them.  *Docampo*, 573 at 1101.  Defilippo was the organizer of the scheme, and unlike his co-conspirators, he took the greater share of the profits, was involved in the scheme for its entire duration, and was responsible for the scheme's entire loss. Furthermore, Defilippo did not provide substantial assistance to the government, as did some of his co-conspirators, and therefore he is not similar enough to them that the differences in their sentences are unwarranted.  *See id*.

Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**[1]

---

[1]    Defilippo's motion to file reply brief out of time is GRANTED.