**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3232
_____

UNITED STATES OF AMERICA

v.

JABIN GODSPOWER OKPAKO,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 4:19-cr-00361-001)
U.S. District Judge:  Honorable Matthew W. Brann
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 5, 2022
_____

Before:  SHWARTZ, KRAUSE, and ROTH, <u>Circuit Judges</u>.

(Filed:  August 4, 2022)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Jabin Godspower Okpako appeals his 87-month sentence for conspiracy to commit money laundering. Because his sentence was procedurally and substantively reasonable, we will affirm.

## I

Okpako was charged in a 54-count indictment with conspiracy and various mail fraud, false statement, and money laundering offenses. D. Ct. ECF No. 3. The charges stemmed from a scheme in which conspirators persuaded users of social media and dating websites, "primarily American women between the ages of 55 through 85," to send funds to address purported emergencies. Okpako and his wife, Christine Bradley Okpako ("Bradley"), deposited over $1.8 million from the scheme in American banks through numerous ATM deposits and then transferred the money to Nigerian bank accounts controlled by Ube Oghenetega Peace, whom Okpako also called his wife.[1] Okpako maintains that people in Nigeria were "the masterminds behind the defrauding scheme" and that he was only a "pawn." Appellant's Br. at 7, 16.

Okpako pleaded guilty to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). Before sentencing, the parties stipulated to a Guidelines range of 70

---

[1] Banks closed Bradley's accounts due to suspicious activity, and the FBI served a letter on Bradley warning her of the legal consequences of irregular account activity. Okpako's cell phone contained photographs of the letter, but he continued to engage in this activity.

to 87 months[2] and agreed that U.S.S.G. § 3A1.1's two-level enhancement[3] did not apply "because it is not clear the defendant knew or should have known that a victim of the offense was a vulnerable victim." App. 53. The District Court nonetheless made observations about the victims at sentencing, stating, "Okpako played an instrumental role in defrauding emotionally-vulnerable victims out of thousands of dollars . . . . Pr[e]ying on emotionally-vulnerable people and stealing sums of money from them is deplorable and is unacceptable conduct." App. 26. The District Court sentenced Okpako to 87 months' imprisonment, imposed three years' supervised release, and ordered him to pay $440,950 in restitution and a $100 special assessment.

Okpako appeals his sentence.

## II[4]

### A

In reviewing the procedural reasonableness of a district court's sentence,[5] we examine whether the district court: (1) calculated the applicable Guidelines range, (2)

---

[2] The stipulated Guidelines range is based on (1) a base offense level of 6; (2) enhancements of (a) sixteen levels for the total loss amount, (b) four levels for the number of victims, (c) two levels for Okpako's evasion of law enforcement, and (d) two levels for the statute of conviction; and (3) a criminal history category of I.

[3] The Sentencing Guidelines provide for a two-level enhancement "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim." U.S.S.G. § 3A1.1(b)(1).

[4] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. "We review the factual determinations underlying a sentence for clear error." United States v. Douglas, 885 F.3d 145, 150 n.3 (3d Cir. 2018).

[5] Because Okpako did not object after the District Court imposed his sentence, we review his procedural unreasonableness challenge for plain error. See United States v. Flores-Mejia, 759 F.3d 253, 255 (3d Cir. 2014) (en banc).

considered any departure motions; and (3) meaningfully considered all relevant 18 U.S.C. § 3553(a) factors.  United States v. Merced, 603 F.3d 203, 215 (3d Cir. 2010).

Okpako does not challenge the District Court's compliance with the first two steps of the sentencing procedure.  He argues only that the District Court erred by (1) failing to properly consider the § 3553(a) factors and (2) considering the victims' vulnerability despite the parties' stipulation that the Guidelines enhancement for vulnerable victims did not apply.  As explained below, the Court did not err in either respect.

1

The District Court meaningfully considered the § 3553(a) factors.  Section 3553(a) requires that a district court consider, among other things, "the nature and circumstances of the offense" and the need for the sentence to reflect the seriousness of the offense, just punishment, and deterrence.  18 U.S.C. § 3553(a)(1), (2).  In addition, the sentence should "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).  "A sentencing court does not have to discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing."  United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (en banc) (quotation marks and emphasis omitted).

Here, the District Court considered the § 3553(a) factors.  As to the nature and circumstances of the offense, the Court explained that Okpako's conspirators "befriended" numerous victims online and persuaded them to "give them thousands if not tens of thousands of dollars, claiming that they needed the money because of purported

4

emergencies or personal crises," and Okpako "laundered the funds to various bank accounts," including accounts in Nigeria that Okpako controlled. App. 24-26. The District Court also considered the seriousness of the offense, see App. 26 ("at least 10 victims lost more than $10,000"), that Okpako's conduct was "instrumental" in the scheme's success, App. 25-26, and the need to provide just punishment, see App. 26 ("stealing substantial sums of money from [victims] is deplorable and . . . unacceptable conduct").

Okpako argues that the District Court failed to consider § 3553(a)(6), which concerns "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). He contends that his 87-month sentence is "grossly disproportionate" to Bradley's 37-month sentence. Appellant's Br. at 18. Because Congress's "primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case," Okpako cannot rely on § 3553(a)(6) to seek a reduced sentence based on a disparity with a co-defendant.[6] See United States v. Parker, 462 F.3d 273, 277 (3d Cir. 2006).

Moreover, even if § 3553(a)(6) applied to co-defendants, the factor, "by its terms[,] plainly applies only where co-defendants are similarly situated," and Okpako's role in the money laundering scheme differed from Bradley's in important respects that

---

[6] By imposing a within-Guidelines sentence, the District Court here "necessarily gave significant weight and consideration to the need to avoid unwarranted disparities." Gall v. United States, 552 U.S. 38, 54 (2007).

justify a greater sentence.  See Parker, 462 F.3d at 278.  For example, unlike Bradley, Okpako had control of bank accounts on both ends of the laundering transactions, as the Nigerian accounts belonged either to him or to Ube Oghenetega Peace.

Because the District Court meaningfully considered the relevant § 3553(a) factors, its sentence was not procedurally unreasonable.

2

The District Court also acted within its discretion when it considered the victims' vulnerability even though the Guidelines' victim vulnerability enhancement did not apply.  First, the Government did not seek to prove that Okpako knew or should have known of victims' vulnerability, see U.S.S.G. § 3A1.1, nor did the District Court find that Okpako had such knowledge.  Instead, the Court observed that the victims were "emotionally-vulnerable."  App. 26.  Thus, the Court's consideration of victim vulnerability was separate from the enhancement, which requires knowledge.

Second, the District Court is free to consider a broad range of information about the offense, see 18 U.S.C. § 3661 ("[n]o limitation shall be placed on the information concerning the . . . conduct of a person convicted of an offense"), and Okpako has cited no authority precluding a district court from considering victim vulnerability where the enhancement is not imposed.  Indeed, our sister circuits have upheld sentences for offenses involving fraud and deceit where the district court considered victim vulnerability without applying the § 3A1.1 enhancement.  See, e.g., United States v. Kouangvan, 844 F.3d 996, 1000 (8th Cir. 2017) (affirming false tax returns sentence where district court considered defendant's exploitation of "unsophisticated investors"

6

and "vulnerable people"); United States v. Defilippo, 596 F. App'x 849, 852 (11th Cir. 2015) (per curiam) (non-precedential) (affirming mail and wire fraud sentence where the district court concluded that "given the nature and circumstances of the offense—a well-planned scheme targeting vulnerable victims—a guidelines-range sentence was appropriate"); see also United States v. Diosdado-Star, 630 F.3d 359, 367 (4th Cir. 2011) (affirming sentence for offenses involving impersonating a federal officer where the district court found the defendant "perpetrate[d] a fraud upon many vulnerable victims"). Okpako laundered funds from a fraud scheme, so consideration of the victims' status as part of the "nature and circumstances of the offense" under § 3553(a) is equally appropriate here.

Third, we cannot say that the District Court's factual determination that Okpako's victims were "emotionally-vulnerable," App. 26, was clearly erroneous. Okpako's co-conspirators approached the victims on social media and dating websites. These individuals sought romantic relationships, and their emotional investment in those relationships was used to induce them to send large sums of money to Okpako. Even Okpako admitted that "[m]any vulnerable people were taken advantage of and harmed financially because of the conspiracy." App. 60.

Thus, the District Court did not procedurally err in considering the vulnerability of Okpako's victims despite declining to apply the § 3A1.1 enhancement.

B

Having concluded that the sentence "is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." Tomko, 562 F.3d at 568.

We cannot say that no reasonable sentencing judge would have imposed 87 months' imprisonment given the nature and circumstances of Okpako's crime. The sentence is within the applicable, and stipulated, Guidelines range of 70 to 87 months, U.S.S.G. § 5A, so we may presume that it is reasonable, Rita v. United States, 551 U.S. 338, 347 (2007). Moreover, considering the totality of the circumstances, Tomko, 562 F.3d at 567, Okpako's sentence at the top of the range reflects that (1) Okpako and his co-conspirators laundered over $1.8 million; (2) Okpako continued sending money overseas in numerous, structured transactions despite (a) knowing that some of the bank accounts he had used were closed for suspicious activity, and (b) being aware of the FBI's warning that the financial activity in which he and Bradley engaged may violate banking laws; and (3) Okpako's vulnerable victims suffered losses in the tens of thousands of dollars, with some depleting their savings because of the scheme.

Okpako argues that the District Court did not give sufficient weight to him being "a small piece of the scheme and a pawn of much bigger masterminds." Appellant's Br. at 16. His disagreement with how the Court viewed his role is not substantive error. See United States v. Bungar, 478 F.3d 540, 546 (3d Cir. 2007). The Court found Okpako played "an instrumental role" in the success of the scheme to steal from emotionally vulnerable victims. App. 26. Indeed, his role enabled the conspirators to collect the

8

victims' money and move it out of the United States.  Because we cannot say that no reasonable sentencing court would have imposed the same sentence, Okpako's substantive challenge fails.

III

For the foregoing reasons, we will affirm.